IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 13-cv-02818-CMA-BNB

ROBERT QUINN, an Individual, et al.,
    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

    Defendant

---

## ORDER GRANTING MOTION TO DISMISS

---

In this case, thirty-two plaintiffs, all land owners in Elbert County, allege that Defendant Board of County Commissioners of Elbert County violated their due process rights when it promulgated a procedurally defective zoning regulation that required them to incur the expense of re-zoning their properties. To prevail on their principal claim, Plaintiffs must identify a property right that has been violated and explain why the state provided insufficient process to protect it. For the reasons that follow, Plaintiffs cannot fulfill either prong of this test and the Court therefore grants Defendant's motion to dismiss.

### I. BACKGROUND

The municipal zoning regulation at issue here is somewhat complicated, but the underlying legal principles that govern this case are not. According to Plaintiffs—all of whom rezoned their properties in Elbert County to this classification between 1997 to

2009—Elbert County officials told them that, if they wanted to subdivide their property into smaller parcels for development, the County's zoning regulations required them to first rezone their property to the A-1 classification. Plaintiffs assert Defendant violated their due process rights when it required them to incur this expense of re-zoning their properties because the actual zoning regulations did not contain the requirement for A-1 conversion. Rather, Plaintiffs allege that in 1997 a county employee arbitrarily (and without notice) added an A-1 zone into the zoning regulations. Thus, Plaintiffs contend that, because the A-1 zone requirement was not part of the official zoning regulations, they should not have been required to expend money to comply with it.

Each Plaintiff wanted to subdivide their property into smaller parcels of land but was told by County officials that they could not do so unless they first rezoned to A-1. (Doc. # 23, Compl., ¶ 36.) County officials represented that, if the property was not rezoned, the County would not issue building permits for the subdivided property. (*Id.*) In light of this directive, "[e]ach Plaintiff complied with the [County officials'] demands and requirements for each respective application for rezoning, and paid filing fees, impact fees, and other fees to the [Board] for the rezoning of their properties." (*Id.*, ¶ 21). According to Plaintiffs, incurring these costs as a prerequisite to being able to subdivide their property violated their due process rights. (*Id.*, ¶ 48.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. "The pleading standard Rule 8 announces does not require detailed factual allegations, but

2

it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting and citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted; alterations incorporated)).

Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal citations and quotation marks omitted; alterations incorporated). Thus, the burden is on the Plaintiffs to "nudge [their] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The purpose of this pleading requirement is two-fold: "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks and citations omitted).

## III. DISCUSSION

The Fourteenth Amendment prohibits the government from depriving an individual of property "without due process of law." U.S. Const. amend. XIV, § 1.  Under the Due Process Clause's requirements, "procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason." *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir.2000).

In their complaint, Plaintiffs fail to specify whether they are pursuing a substantive or a procedural due process claim but, in their response to Defendant's motion to dismiss, Plaintiffs focus their claim on procedural due process.  In evaluating such a claim, this Court must undertake a two-step inquiry.  First, this Court asks whether Defendant's actions deprived Plaintiffs of a constitutionally protected property interest.  If Plaintiffs can satisfy this requirement, this Court must then consider whether Plaintiffs were afforded the appropriate level of process.  *See, e.g.*, *Farthing v. City of Shawnee,* 39 F.3d 1131, 1135 (10th Cir. 1994).

As to the first prong of this test, property rights recognized under the Fourteenth Amendment "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth,* 408 U.S. 564, 577 (1972).  Further, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need

4

or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* Finally, "even the temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail are sufficient to merit due process protection." *Connecticut v. Doehr*, 501 U.S. 1, 12 (1991). This is true because such an encumbrance "ordinarily clouds title; impairs the ability to sell or otherwise alienate the property; taints any credit rating; reduces the chance of obtaining a home equity loan or additional mortgage; and can even place an existing mortgage in technical default where there is an insecurity clause." *Id.* at 11.

As to the second prong, regarding the appropriate level of process, this Court's inquiry is limited. The Court does not sit as "zoning board of appeals when presented with claims which, although couched in constitutional language, at bottom amount only to the run of the mill dispute between a developer and a town planning agency." *Gunkel v. City of Emporia, Kan.*, 835 F.2d 1302, 1305 (10th Cir. 1987) (internal quotation marks omitted; alteration incorporated). Rather, the "fundamental requirements of due process are notice and an opportunity to present reasons why 'a proposed action should not be taken.'" *Santana v. City of Tulsa*, 359 F.3d 1241, 1244 (10th Cir. 2004) (quoting *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546 (1985)).[1]

---

[1] *See also Carpinteria Valley Farms, Ltd. v. Cnty. of Santa Barbara*, 344 F.3d 822, 826 (9th Cir. 2003) ("[T]he Courts of Appeals were not created to be the Grand Mufti of local zoning boards, nor do they sit as super zoning boards or zoning boards of appeals.") (internal quotation marks omitted; alterations incorporated)); *DeBlasio v. Zoning Bd. of Adjustment*, 53 F.3d 592, 597 (3d Cir.1995) ("[A] state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body."), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington,* 316 F.3d 392 (3d Cir. 2003); *Lemke v. Cass Cnty., Neb.*, 846 F.2d 469, 472 (8th Cir. 1987) (en banc) (per curium) (Arnold, J., concurring) ("I see no reason to read the Due Process Clause as a constitutionalized Administrative Procedure Act setting up the federal courts as a forum for the review of every

Plaintiffs have trouble satisfying either prong of this test. First, it is unclear to this Court how the property interest Plaintiffs are asserting here is constitutionally protected. The Plaintiffs have already paid the costs of undergoing the rezoning and appear to complain about how bureaucratic malfeasance made this more complicated. But they cite no analogous cases in which this minor headache and extra expense is transformed into a constitutional tort.

In response, Plaintiffs resort to an abstraction game, suggesting any enjoyment and use of their land is the property interest and whatever government action infringes on that right constitutes the due process violation. As support for this position, Plaintiffs principally cite *Washington ex rel. Seattle Title Trust Co. v. Roberge*, 278 U.S. 116 (1928), and *Oklahoma City v. Dolese*, 48 F.2d 734 (10th Cir. 1931. But as Defendant rightly notes, both *Roberge* and *Dolese* involved a serious encumbrance on an owner's private land use that was much greater than the need to pay extra fees or fill-out extra forms. *See Roberge*, 278 U.S. at 122 (considering a claim by a property owner was denied a permit to build a home for the aged and poor on land he owned); *Dolese*, 48 F.2d at 738 (city ordinance declaring a plaintiff company's plant a public nuisance that had to be abated within 120 days constituted a taking of the company's property right without due process of law).

---

run-of-the-mill land-use dispute."); *Raskiewicz v. Town of New Boston,* 754 F.2d 38, 44 (1st Cir. 1985) ("[W]here . . . the state offers a panoply of administrative and judicial remedies, litigants may not ordinarily obtain federal court review of local zoning and planning disputes by means of 42 U.S.C. § 1983."); *Mongeau v. City of Marlborough*, 462 F. Supp. 2d 144, 150 (D. Mass. 2006) ("Even a bad faith refusal to follow state law in local administrative matters does not amount to a deprivation of due process where the state courts are available to correct the error."), *aff'd*, 492 F.3d 14 (1st Cir. 2007).

The Court is unwilling to accept that Plaintiffs' reliance on these century-old authorities—which are similar to this case only at a high level of generality—is sufficient for purposes of identifying a property interest under the first prong of the test outlined above.

Second, even assuming that Plaintiffs can lay claim to such a generalized property interest, it is unclear how state mechanisms—as opposed to a federal lawsuit—do not provide an adequate remedy to addressing the allegedly improper actions taken by Defendant.[2]  Indeed, when pressed by Elbert County officials, it seems that Plaintiffs opted not to contest the validity of the zoning regulation and paid for the rezoning.  But Plaintiffs leave this Court in the dark as to whether there was any sort of process for contesting the zoning regulation prior to compliance—and if so, why this process was insufficient.[3]  Further, Plaintiffs' reference to additional litigation, in which similarly situated landowners are successfully pursuing state law claims contesting the validity of the zoning regulations, suggests that Colorado's state judicial process

---

[2]  Throughout much of their briefing, Plaintiffs seem to conflate two distinct questions: (1) whether Elbert County followed the law in enacting zoning regulations, and (2) whether there is an adequate mechanism to contest an allegedly invalid regulation enacted by Elbert County. To be sure, a negative answer to the first question may provide a good argument to a landowner in a proceeding contemplated under the second.  But procedural due process implicates only the second question: when a zoning ordinance truly encumbers a property right, what is the process in place to make sure that a landowner can litigate the validity of that ordinance?  Cf. Goldberg v. Kelly, 397 U.S. 254 (1970) (seminal procedural due process case considering whether a state-agency process for terminating public assistance payments accorded sufficient due process to the recipients but declining to examine the underlying legality, under state law, of the mechanism used to terminate those benefits).

[3]  To be sure, Plaintiffs' failure to explore this avenue in their individual cases does not give them license to now allege a constitutional tort.  Cf. Santana, 359 F.3d at 1244 ("The availability of recourse to a constitutionally sufficient administrative procedure satisfies due process requirements if the complainant merely declines or fails to take advantage of the administrative procedure.").

7

provides an adequate remedy under state law to address any defects in the zoning regulation.  *See* (Doc. # 26-1); *see also Bd. of Cnty. Comm'rs v. Rohrbach*, 226 P.3d 1184 (Colo. App. 2009).[4]

In light of Plaintiffs' failure to sufficiently address the issues outlined above in the complaint and in their briefing, this Court grants Defendant's motion to dismiss. If Plaintiffs seek to amend their complaint, they must: (1) provide adequate authority that establishes with greater specificity why the type of property interest they identify is a cognizable one accorded the protections of procedural due process; and (2) explain why the process available under state law is insufficient to litigate the validity of the zoning regulations at issue here.[5]

---

[4] This Court is aware that this conclusion conflicts with the conclusions on similar due process claims reached by a Colorado State District Court Judge (Doc. # 26-1) and by another judge in this Court, *see Quinn v. Board of County Commissioners of Elbert Cty*, No. 13-cv-2818 (Jan. 22, 2014).  This Court respectfully disagrees with the conclusions reached by these other judges as inconsistent with the above-outlined framework for assessing procedural due process claims.

[5] Finally, Plaintiffs' void-for-vagueness and substantive due process claims are insufficiently pleaded "to ensure that [Defendant] is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense." *Kansas Penn Gaming*, 656 F.3d at 1214.  There is one slim reference to the void-for-vagueness claim in the complaint (Compl., ¶ 24), with no further factual development for why this theory of constitutional liability applies in this case. Similarly, the words substantive due process do not appear in any part of the complaint, and although Plaintiffs suggest in their response to the motion to dismiss that they can plead such a claim under a "shocks the conscience" theory, they cite no authority in which courts have considered such a claim in the context of a zoning regulation challenge.  Indeed, the basis for such a theory of liability seems to go against the thrust of federal authority on this matter, which dictates that this Court should not become a de facto appeals court for all municipal zoning decisions that a party is unsatisfied with (and presumably "shocked" by).  *See* note 1, *supra*. Nevertheless, beyond with the potential legal problems with either the void-for-vagueness or the substantive due process claims, Plaintiffs' failure to provide any pleadings on—let alone factual support for—these claims in the complaint is an insurmountable obstacle to their further consideration by this Court.  If Plaintiffs wish to pursue these claims, in addition to considering this Court's (and Defendant's) concerns as to their applicability to the facts presented here, they must provide more than the threadbare and passing reference to them in the briefing.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Dismiss (Doc. # 10) is GRANTED and Plaintiffs' claims are DISMISSED WITHOUT PREJUDICE.

FURTHER ORDERED that, should Plaintiffs wish to file an Amended Complaint, they must do so **by no later than October 17, 2014**.

DATED: September 26, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge