**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-02818-CMA-NYW

ROBERT QUINN, an individual,
KAREN QUINN, an individual,
PATRICIA RODENZ, an individual,
MICHAEL MCCLENDON, an individual,
DAVID AKSLAND, an individual,
SEAN MULVIHILL, an individual,
STEPHEN MULVIHILL, and individual,
EDWIN BAKER, an individual,
VIRGINIA BAKER, an individual,
STAN LYNN, an individual,
EDWARD LOVELACE, an individual,
DONNA LOVELACE, an individual,
EJL ENTERPRISES, a Colorado corporation,
PRAIRIE LAND, LLC, a Colorado limited liability company,
CRAIG CLAUSEN, an individual,
KENLOU, LLC, a dissolved Colorado corporation,
GARY LEVIN, an individual,
FIDDLEBACK RANCH, LLC, a Colorado limited liability company,
WILLIAM PAUL SUMMERS, an individual,
EUGENE ERICKSON, an individual,
ANNE ERICKSON, an individual,
LORA KRISTA, an individual,
REBECCA ARNOLD, an individual,
DENNIS LEONARD, an individual,
THOMAS MARONEY, an individual,
STATION GULCH RANCH, LLC, a Colorado limited liability company,
RICHARD O'LEARY, an individual,
LINDA O'LEARY, an individual,
MORNINGSTAR DEVELOPMENT LLC, a Colorado limited liability company,
AMANDA PINES LLC, a Colorado limited liability company,
AMANDA PINES NORTH LLC, a Colorado limited liability company,
LADERO LAND DEVELOPMENT, INC., a Colorado corporation,

    Plaintiffs,
v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

    Defendant.

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFFS' MOTION TO AMEND**

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiffs' Motion to Amend Complaint Pursuant to the Court's Order Granting Motion to Dismiss ("Motion to Amend"). [#33, filed October 31, 2014]. This matter was referred to this Magistrate Judge pursuant to the Order Referring Case dated October 21, 2013 [#4] and Memorandum dated February 18, 2015 [#42]. This court has carefully considered the Motion and related briefing, the entire case file, the arguments offered by the parties during the March 5, 2015 Motion Hearing, as well as applicable case law. For the following reasons, I respectfully RECOMMEND that the Motion to Amend be DENIED.

**PROCEDURAL HISTORY**

Plaintiffs filed their Complaint asserting one claim for the violation of their Fifth and Fourteenth Amendment rights arising out of zoning regulations enacted by Defendant Board of County Commissioners of Elbert County (the "Board" or "Defendant"), and seeking damages pursuant to 42 U.S.C. § 1983. [#1, filed October 15, 2013]. Defendant filed a Motion to Dismiss for Failure to State a Claim on December 19, 2013. [#10]. Plaintiffs filed a Response to the Motion to Dismiss on January 22, 2014 [#18], and Defendant filed a Reply on February 10, 2014 [#19].

Magistrate Judge Boland held a Scheduling Conference on January 16, 2014, at which he set February 17, 2014 as the deadline for joinder of parties or amendment of pleadings, October 20, 2014 as the deadline for completing discovery, November 25,

2014 as the deadline for filing dispositive motions, and January 15, 2015 as the date for the Final Pretrial Conference.  [#16, #17].  Plaintiffs filed an Unopposed Motion to Amend the Complaint on February 17, 2014 [#20], which Judge Boland granted on February 18, 2014.  [#22].  The First Amended Complaint ("FAC"), which added a paragraph specifically identifying Plaintiff Stan Lynn's rezoning project, was filed the same day.  [#23].

Upon the Parties' Stipulated Motion for Review [#24], District Judge Arguello adopted and incorporated the Motion to Dismiss, Response, and Reply as the responsive pleading and briefing to Plaintiffs' FAC.  [#25].  On May 2, 2014, Plaintiffs filed Notice of Supplemental Authority supporting their Response to Defendant's Motion to Dismiss [#26], to which Defendant filed a Response on July 2, 2014.  [#29].

On September 26, 2014, Judge Arguello granted Defendant's Motion to Dismiss without prejudice, finding that Plaintiffs failed to articulate a protected property interest or the process due pursuant to that interest.  *See* [#30].  The Order instructed Plaintiffs to file any Amended Complaint no later than October 17, 2014, and explained that the Amended Complaint must "(1) provide adequate authority that establishes with greater specificity why the type of property interest they identify is a cognizable one accorded the protections of procedural due process; and (2) explain why the process available under state law is insufficient to litigate the validity of the zoning regulations at issue here."  [#30 at 8].  The court then, upon motion, granted leave to Plaintiffs to file an Amended Complaint no later than October 31, 2014.  [#32].

On October 31, Plaintiffs filed the pending Motion to Amend, with the proposed Second Amended Complaint tendered as Exhibit K thereto. [#33, # 33-11]. Defendant filed a Response to the Motion to Amend on December 8, 2014, arguing that the proposed amendment failed to cure the deficiencies that led to the earlier dismissal [#36], and Plaintiffs filed a Reply on January 5, 2015. [#39]. On January 6, 2015, Judge Boland vacated the Final Pretrial Conference. [#40]. This action was reassigned to the undersigned Magistrate Judge for pretrial matters on February 9, 2015 [#41]. This instant Motion to Amend was referred to me on February 25, 2015 [#42], and I held argument on the Motion on March 5, 2015. [#45]. The same day, Defendant filed Supplemental Authority in support of its Response to the Motion to Amend, which was discussed by the Parties during the hearing. [#44].

## STANDARD

Because Plaintiffs filed their Motion to Amend on the deadline set by the court, the only analysis I undertake is whether amendment is proper under Federal Rule of Civil Procedure 15(a). Rule 15(a) provides that a party may amend his pleading "only by leave of court or by written consent of the adverse party" after a responsive pleading has been served, and instructs that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant of leave to amend is within the discretion of the trial court. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

When considering whether to allow an amendment to a complaint, the court considers factors such as whether the amendment will result in undue prejudice to the defendant, whether the request was unduly and inexplicably delayed or offered in good

4

faith, and whether the party had sufficient opportunity to state the claim but failed. *See Las Vegas Ice & Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir. 1990). A motion to amend may be denied when the proposed amendment is futile. *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.,* 175 F.3d 848, 859 (10th Cir. 1999). A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. *Id.*

## FACTUAL ALLEGATIONS

For the purposes of this Motion to Amend and the determination as to whether the proposed amendment would be futile, the court accepts the following facts as set forth by Plaintiffs as true. Plaintiffs are landowners in Elbert County, Colorado. On July 5, 1983, the Board voted to adopt zoning regulations following a public hearing [the "1983 Zoning Regulations"]. [#33-11 at ¶ 23]. The 1983 Zoning Regulations refer to the Official Zoning Map, though there was no Official Zoning Map appended to the Regulations. [#33-11 at ¶¶ 23, 24].

Fourteen years later, on August 28, 1997, the Board held a meeting at which they discussed the absence of an Official Zoning Map as described by the 1983 Zoning Regulations. [*Id.* at ¶ 25]. Plaintiffs allege that soon thereafter, the Board authorized its Planning Director, Ken Wolf, to create maps for the Board to adopt as the Official Zoning Map and companion to the 1983 Zoning Regulations (the "Wolf Map"). [*Id.* at ¶¶ 30-31]. The 1983 Zoning Regulations were only six pages long [*id.* at ¶ 23]. Plaintiffs allege the Board additionally authorized Mr. Wolf to create and record a document to be known as the Elbert County Zoning Regulations (the "1997 Zoning Regulations") to

5

supplement the 1983 Zoning Regulations. [*Id.* at ¶ 33]. Plaintiffs believe that the Board engaged in this practice in order to avoid risking that pre-existing uses would become "grandfathered in," meaning that how the land was used prior to the 1997 Zoning Regulations and Wolf Maps could not be superseded by the new Regulations and Wolf Maps.

Plaintiffs claim that in the time between the 1983 Zoning Regulations and the adoption of the Wolf Maps and the 1997 Zoning Regulations, the Board reviewed, approved, and denied zoning applications despite lacking official County maps designating how each area was zoned. [*Id.* at ¶ 32]. Beginning in 1997, the Board began enforcing the Wolf Maps and the 1997 Zoning Regulations as though they had been enacted in 1983. [*Id.* at ¶ 34]. Plaintiffs claim that pursuant to this policy, the Board required each of them to apply to re-zone their land as "A-1" to obtain development rights held under the 1983 Zoning Regulations to divide their properties into 35-acre parcels. [*Id.* at ¶ 37].

On October 12, 2011, the Board combined the A-1 zone with the A-Agriculture zone ("2011 Zoning Regulations"). Plaintiffs claim that pursuant to this revision, the Board required those who had applied for an A-1 zoning classification to reapply for an A-Agriculture zoning prior to dividing their properties into parcels 35.00 to 59.99 acres in size. [*Id.* at ¶ 39].[1] The Board did not hold a public hearing prior to removing the A-1

---

[1] Each of the thirty-two named Plaintiffs applied for rezoning pursuant to the Map and the 1997 Zoning Regulations. [#33-11 at ¶ 4]. However, the proposed Second Amended Complaint does not specify which Plaintiffs applied for rezoning pursuant to the 2011 Zoning Regulations. [#33-11].

6

zone designation. Plaintiffs claim damages in an amount necessary to compensate them for the loss of their property rights taken without the due process of law.

## ANALYSIS

The proposed Second Amended Complaint asserts one claim for damages pursuant to 42 U.S.C. § 1983, under both procedural due process and substantive due process theories. [#33-11 at 9-10].

**I.   Procedural Due Process**

Plaintiffs claim the Board violated their procedural due process rights in 1997 and again in 2011 when it required them to re-zone their land prior to dividing it into 35-acre parcels. [#33-11 at ¶¶ 45-46]. Plaintiffs claim further the Board acted in an arbitrary and capricious manner in enacting the Wolf Maps, the 1997 Zoning Regulations, and the 2011 Zoning Regulations without the process required by state law, resulting in conscious-shocking harm.

Property rights are protected by the due process clause of the Fourteenth Amendment, which provides, "[N]or shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a procedural due process claim under § 1983, a plaintiff must show "(1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor,* 451 U.S. 527 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986)). *See also Hillside Community Church v. Olson,* 58 P.3d 1021, 1025 (Colo. 2002). The

7

identification of property rights recognized by the Fourteenth Amendment and the "legitimate claim of entitlement to them" is determined largely by state law. *Jordan-Arapahoe, LLP. v. Board of County Commr's of Arapahoe,* 633 F.3d 1022, 1026 (10th Cir. 2011) (citing *Eason v. Bd. of Cnty. Comm'rs,* 70 P.3d 600, 604-05 (Colo. App. 2003)).

In evaluating whether Plaintiffs have stated a due process claim, the court must consider: (1) whether a property right has been identified; (2) whether governmental action with respect to that property right amounts to a deprivation; and (3) whether the deprivation occurred without due process of law. *Eason*, 70 P.3d at 604. The right to use property "is subject to a proper exercise of the police power." *Jordan-Arapahoe, LLP.*, 633 F.3d at 1026 (quoting *Eason*, 70 P.3d at 605). "A landowner faces numerous restrictions on the full use and alienability of land depending on the interplay of local, state, and federal law." *Id.* It is undisputed that the Board was acting under the color of state law. Therefore, the initial question is whether Plaintiffs have stated a protected property interest. I find they have not.

Colorado law "recognizes a protected property interest in a zoning classification when a specifically permitted use becomes securely vested by the landowner's substantial actions taken in reliance, to his or her detriment, on representations and affirmative actions by the government." *Eason*. 70 P.3d at 605-06 (citing *Nasierowski Brothers Investment Co. v. City of Sterling Heights*, 949 F.2d 890, 897 (6th Cir. 1991)). In *Eason*, the government initially approved plaintiff's operation of a commercial self-storage facility using semi-trailers on his property then subsequently changed the

8

zoning classification of plaintiff's land. The Colorado Court of Appeals held that the landowner had a property interest in the zoning classification because he relied on (1) final zoning allowing the intended use; (2) a written letter from the county confirming the intended use; (3) the issuance of a building permit; and (4) operation of his business for two years. *Id.* at 606.

The appellants in *Jordan-Arapahoe* relied on *Eason* to argue their property right in developing an automotive dealership vested by virtue of a zoning classification and detrimental reliance. But the Tenth Circuit disagreed, and affirmed the district court's dismissal of the complaint pursuant to Rule 12(b)(6) after determining that while appellants had pleaded enough facts to show detrimental reliance (they had spent approximately $2.6 million in capital development costs preparing the land to operate as a car dealership), appellants had not pleaded reliance on a representation or affirmative action by the county. *Jordan-Arapahoe*, 633 F.3d at 1030. The court concluded that *Eason* requires affirmative action by the county beyond "the mere fact a use is permitted in the zoning classification." Otherwise, the court stated, "developers could expend money on land for an intended use and lock municipalities into zoning before the municipalities were certain such zoning was in the public's interest." *Id.* at 1031.

Plaintiffs allege that pursuant to the 1997 Zoning Regulations, they were required to apply for an A-1 zoning classification and pay the associated fees prior to sub-dividing their properties. [#33-11 at ¶ 37]. In 2011, the Board amended the zoning regulations to omit the A-1 zone classification, thereby requiring Plaintiffs who had previously rezoned their properties to A-1 to apply for an A-Agriculture zoning

classification and pay the associated fees in order to maintain the subdivision of their properties or to continue sub-dividing. [*Id.* at ¶¶ 38-39]. Plaintiffs aver they expended funds to bring their properties into compliance with the 1997 Zoning Regulations in order to engage in development endeavors, and that after relying on the permissible use of an A-1 classification, they were required fourteen years later to expend "high cost, time and effort" to bring their properties into compliance with the 2011 Zoning Regulations to maintain the use considered permissible under the A-1 classification. [#33-11 at ¶ 46].

Significantly, Plaintiffs do not allege by *Jordan-Arapahoe* or *Eason* standards that they took substantial action in reliance on a representation or affirmative action by the County. [#33-11]. Indeed, Plaintiffs do not aver that they detrimentally relied upon the 1983 Zoning Regulations or the 1997 Zoning Regulations, only to have them changed. [*Id.*] Nor do they plead that they detrimentally relied on the lack of the Wolf Maps for any preexisting use, which was then not permitted. [*Id.*] Plaintiffs do not allege the Board took affirmative action or made representations to reassure them that sub-dividing was a permissible use. Instead, the upshot of Plaintiffs' allegation appears to be that the changes in zoning resulted in the payment of fees to maintain the parceling of their land. [*Id.* at ¶¶38-39.] In light of the relevant and prevailing case law, I cannot find that payment of fees constitutes detrimental reliance or that reliance on the zoning classification equates to government representation or affirmative action.

## II.     Substantive Due Process

Plaintiffs claim that Defendant's misrepresentations regarding the Wolf Maps and the 1997 Zoning Regulations constitute arbitrary and capricious action and denote "a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking."  [#33-11 at ¶ 53].

In addition to guaranteeing fair procedures, the Due Process Clause of the Fourteenth Amendment "cover[s] a substantive sphere as well, barring certain government actions regardless of the fairness of the procedures used to implement them." *County of Sacramento v. Lewis,* 523 U.S. 833, 840 (1998) (quoting *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974)).  To state a cognizable substantive due process claim, Plaintiffs "must first allege sufficient facts to show a property or liberty interest warranting due process protection."  *Crider v. Board of County Com'rs of County of Boulder*, 246 F.3d 1285, 1289 (10th Cir. 2001) (citing *Lehman v. City of Louisville,* 967 F.2d 1474, 1476 (10th Cir. 1992)).

As discussed above, Plaintiffs have not articulated a protected property interest. Moreover, substantive due process protection is accorded primarily to fundamental interests "relating to marriage, family, procreation, and the right to bodily integrity." *Williams v. Berney*, 519 F.3d 1216 (10th Cir. 2008) (quoting *Albright v. Oliver*, 510 U.S. 266, 272 (1994)).  The interest asserted by Plaintiffs involves the right to sub-divide property.  This question of land use does not implicate the basic personal rights that substantive due process is designed to protect. See *Lehmann v. City of Louisville*, 967 F.2d 1474, 1476 n.2 (10th Cir. 1992) (noting that the "property interest asserted by

appellants [to use property as both a residence and place of business] certainly bears 'little resemblance to the fundamental interests that previously have been viewed as implicitly protected by the Constitution'") (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring)). See also *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992) (advising that the Court is "reluctant to expand the concept of substantive due process because guideposts for responsible decision making in this unchartered area are scarce and open-ended").

Finally, Plaintiffs must allege facts sufficient to show that the challenged action was "arbitrary and capricious." *Crider*, 246 F.3d at 1289. In the zoning context, the "arbitrary and capricious" standard is not synonymous with erroneous. The standard is satisfied and the claim survives only if "the alleged purpose behind the [government] action has no conceivable rational relationship to the exercise of the state's traditional police power through zoning." *Norton v. Village of Corrales*, 103 F.3d 928, 932 (10th Cir. 1996) (quoting *Sylvia Dev't Corp. v. Calvert County*, 48 F.3d 810, 829 (4th Cir. 1995)). Even if the court were to find a protected property interest, Plaintiffs have not alleged that Defendant's enactment of the 1997 and 2011 Regulations were by definition arbitrary and capricious. For all of these reasons I find that Plaintiffs have not stated a claim for Substantive Due Process.

### III. Remaining Issues

Because I find Plaintiffs have failed to state a claim either under a procedural or substantive due process standard, the numerous other arguments Defendant poses in its opposition to the Motion to Amend are not addressed herein.

## CONCLUSION

For the foregoing reasons, I respectfully RECOMMEND that Plaintiffs' Motion to Amend [#33] be DENIED.[2]

DATED: April 21, 2015.                                    BY THE COURT:

                                                          s/Nina Y. Wang
                                                          United States Magistrate Judge

---

[2] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).