**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02818-CMA-BNB

ROBERT QUINN, an Individual, et al.,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF ELBERT COUNTY,

    Defendant.

---

**ORDER ADOPTING AND AFFIRMING APRIL 21, 2015 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the April 21, 2015 Recommendation by United States Magistrate Judge Nina Y. Wang that Plaintiffs' Motion to Amend the Complaint Pursuant to the Court's Order Granting Motion to Dismiss ("Motion to Amend") (Doc. # 33) be denied.  (Doc. # 46.)  The Recommendation is incorporated herein by reference.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  On May 5, 2015, Plaintiff filed an Objection to Magistrate Judge Wang's Recommendation, and on May 22, 2015, Defendants filed a Response.   (Doc. ## 47, 48.)

The factual and procedural background of this matter is set out at length in Magistrate Judge Wang's thorough Recommendation, and the Court incorporates that recitation herein.  As such, this Court provides only a brief overview of the facts and procedural history and will expand on them, when necessary, within the analysis.

This case involves a single 42 U.S.C § 1983 claim brought by thirty-two plaintiffs, all of whom allege that Defendant Board of County Commissioners of Elbert County

("the Board") violated their due process rights under the Fifth and Fourteenth Amendments when it required them to incur the expense of re-zoning their properties into an "A-1" zoning classification. In September of 2014, this Court granted Defendant's Motion to Dismiss without prejudice, finding that Plaintiffs failed to articulate a protected property interest or the process due pursuant to that interest. (Doc. # 30.) The Order specifically instructed Plaintiffs that if they chose to file an Amended Complaint, it must "(1) provide adequate authority that establishes with greater specificity why the type of property interest they identify is a cognizable one accorded the protections of procedural due process; and (2) explain why the process available under state law is insufficient to litigate the validity of the zoning regulations at issue here." (*Id.* at 8.) On October 31, 2014, Plaintiffs filed the Motion to Amend, with the proposed Second Amended Complaint attached as an exhibit thereto. (Doc. ## 33, 33-11.) The Motion to Amend was referred to Judge Wang on February 25, 2015 (Doc. #42), who held a motion hearing on March 5, 2015 (Doc. # 45).

In her Recommendation, Magistrate Judge Wang analyzed whether amendment was proper under Federal Rule of Civil Procedure 15(a). Citing *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999), which provides that a motion to amend may be denied when the proposed amendment is futile, Magistrate Judge Wang found that Plaintiffs' proposed amendment of their procedural due process claim would be futile because the amended Complaint failed to allege a protected property interest. (Doc. # 46 at 8-10.) The Recommendation also found that amendment would be futile with respect to the Plaintiffs' substantive due process claim because Plaintiffs failed to allege both (1) a deprivation of a fundamental

right subject to substantive due process protection and (2) arbitrary and capricious actions by the Board.  (*Id.* at 11.)

"When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

Plaintiffs do not "properly object[]" to any part of the Recommendation.  Instead, they reiterate arguments that were properly before Magistrate Judge Wang during the Motion hearing and at the time her Recommendation issued.   Nonetheless, the Court has conducted a *de novo* review of this matter, including reviewing all relevant pleadings, the proposed second amended Complaint, the Recommendation, and Plaintiff's Objection thereto.  Based on this *de novo* review, the Court concludes that Judge Wang's Recommendation is correct and is not called into question by Plaintiff's Objection.

In their Objection, Plaintiffs argue, for the third time, that their ownership of land – in and of itself – established a protected property interest in the unencumbered use, development, and enjoyment of their property. (Doc. # 47 at 3-6; *see also* Doc. # 18 at 7-9, # 33 at 8-10.)  In support of this proposition, Plaintiffs cited legal authority from other jurisdictions, including the Seventh and the Ninth Circuits.  (*See id.*)  However, Magistrate Judge Wang properly concluded that under Tenth Circuit authority, Plaintiffs failed to allege that they took substantial action in reliance on a representation or an

3

affirmative action by the Board, and thus failed to state a protected property interest. *See Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1032 (10th Cir. 2011). As such, Plaintiff's argument fails.

As for their substantive due process claim, Plaintiffs also assert (for the third time) that "the cover up of the adoption of the Wolf Maps and Wolf Regulations and the assertions that these fictitious documents were the [Board]'s 1983 Regulations sufficiently show the arbitrary actions by the [Board]. These actions were arbitrary and unreasonable, and support a due process claim." (Doc. # 47 at 8); *see also* (Doc. # 18 at 19 and Doc. # 33 at 12). Again, citing to authority from other jurisdictions, Plaintiffs essentially argue that they have shown a violation of a fundamental right by showing arbitrary action on behalf of the Board. (Doc. # 47 at 7.)

However, both of these arguments were before Magistrate Judge Wang during the Motion hearing and at the time her Recommendation issued, and she properly resolved them. Specifically, Magistrate Judge Wang correctly noted that under Tenth Circuit authority, Plaintiffs "must first allege sufficient facts to show a property or liberty interest warranting due process protection," and that the question of land use does not implicate the basic personal rights that substantive due process is designed to protect. *See Crider v. Board of County Comm'rs of Cnty. of Boulder*, 246 F.3d 1285, 1289 (10th Cir. 2001) (citing *Lehmann v. City of Louisville,* 967 F.2d 1474, 1476, 1476 n.2 (10th Cir. 1992)). She also noted that to state a cognizable substantive due process claim in the zoning context, the "arbitrary and capricious" standard is not synonymous with "erroneous" action by a zoning authority; rather, the standard is satisfied and the claim survives only if "the alleged purpose behind the [government] action has **no**

4

**conceivable rational relationship** to the exercise of the state's traditional police power through zoning." *Norton v. Village of Corrales*, 103 F.3d 928, 932 (10th Cir. 1996) (emphasis added, internal quotation omitted).   She then properly applied this authority in concluding that Plaintiff's mere assertion that the Board's use of improperly adopted zoning regulations was erroneous was insufficient to meet this standard.

Accordingly, it is hereby ORDERED that Plaintiff's objection (Doc. # 47) is OVERRULED.  It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge Nina Y. Wang (Doc. # 46) is AFFIRMED and ADOPTED as an order of this Court.  Pursuant to the Recommendation, it is ORDERED that Plaintiffs' Motion to Amend the Complaint Pursuant to the Court's Order Granting Motion to Dismiss ("Motion to Amend") (Doc. # 33) is DENIED. It is

FURTHER ORDERED that Plaintiff's claims are DISMISSED WITH PREJUDICE, and this case is DISMISSED in its entirety.  It is

FURTHER ORDERED that Defendant shall have its costs by the filing of a Bill of Costs with the Clerk of the Court within ten days of the entry of judgment.  Each party shall bear its own attorney fees.

DATED:  May 29, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge